UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **ERIC BALLARD,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:24-cv-00554-ALT |
| | ) |
| **COMMISSIONER OF SOCIAL** | ) |
| **SECURITY,** *sued as Frank Bisignano,*[1] | ) |
| *Commissioner of the Social Security* | ) |
| *Administration,* | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff Eric Ballard appeals to the district court from a final decision of the Commissioner of Social Security ("Commissioner") denying his application under the Social Security Act (the "Act") for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (ECF 1). Because Ballad's sole argument in this appeal is persuasive, the Commissioner's decision will be REVERSED and the case REMANDED for further proceedings.

### I. FACTUAL AND PROCEDURAL HISTORY

Ballard applied for DIB and SSI in January 2023, alleging disability as of September 2, 2022. (ECF 10 Administrative Record ("AR") 248-51).[2] Ballard's claim was denied initially and upon reconsideration. (AR 26, 86-87). On May 21, 2024, administrative law judge ("ALJ")

---

[1] Frank Bisignano became the Commissioner of Social Security in May 2025, and thus, pursuant to Federal Rule of Civil Procedure 25(d), he is automatically substituted for his predecessor as the defendant in this suit. *See La'Toya R. v. Bisignano*, No. 1:24-cv-01564-JMS-TAB, 2025 WL 1413807, at *n.2 (S.D. Ind. May 15, 2025).

[2] The AR page numbers cited herein correspond to the ECF-generated page numbers displayed at the top center of the screen when the AR is open in ECF, rather than the page numbers printed in the lower right corner of each page.

Meredith Jacques conducted an administrative hearing, at which Ballard, who was represented by counsel, and a vocational expert ("VE") testified. (AR 45-79). On June 5, 2024, the ALJ rendered an unfavorable decision to Ballard, concluding that he was not disabled because he could perform a significant number of unskilled, light-exertional jobs in the national economy despite the limitations caused by his impairments. (AR 26-38). The Appeals Council denied Ballard's request for review (AR 6-11), and the ALJ's decision became the final decision of the Commissioner. *See* 20 C.F.R. §§ 404.981, 416.1481.

On December 19, 2024, Ballard filed a complaint in this Court appealing the Commissioner's final decision. (ECF 1). Ballard advances just one argument in this appeal—that the ALJ failed to adequately account for Ballard's moderate limitations in concentration, persistence, and pace when assigning the mental residual functional capacity ("RFC"). (ECF 13 at 2, 10-14).

On the date of the Commissioner's final decision, Ballard was fifty-one years old (AR 38, 239), had a high school education (AR 280), and had past relevant work as a security guard (AR 73; *see* AR 280). In his application, Ballard alleged that he is disabled due to the following conditions: seizures, arthritis in knees, vertigo, lower back problems, memory issues, and anger issues. (AR 279).

## II. STANDARD OF REVIEW

Section 405(g) of the Act grants this Court the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner . . . , with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The Court's task is limited to determining whether the ALJ's factual findings are supported by substantial evidence, which means "such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (citation omitted). The decision will be reversed "only if [it is] not supported by substantial evidence or if the Commissioner applied an erroneous legal standard." *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000) (citation omitted).

To determine if substantial evidence exists, the Court "review[s] the entire administrative record, but do[es] not reweigh the evidence, resolve conflicts, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Id.* (collecting cases). "Rather, if the findings of the Commissioner . . . are supported by substantial evidence, they are conclusive." *Jens v. Barnhart*, 347 F.3d 209, 212 (7th Cir. 2003) (citation omitted). "In other words, so long as, in light of all the evidence, reasonable minds could differ concerning whether [the claimant] is disabled, we must affirm the ALJ's decision denying benefits." *Books v. Chater*, 91 F.3d 972, 978 (7th Cir. 1996).

## III. ANALYSIS

### *A. The Law*

Under the Act, a claimant seeking DIB or SSI must establish that he is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); *see also id.* §§ 416(i)(1), 423(d)(1)(A). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* §§ 423(d)(3), 1382c(a)(3)(D).

The Commissioner evaluates disability claims pursuant to a five-step evaluation process, requiring the ALJ to consider sequentially whether:

> (1) the claimant is presently employed [in substantial gainful activity]; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any impairment listed in the regulations as being so severe as to preclude substantial gainful activity; (4) the claimant's [RFC] leaves him unable to perform his past relevant work; and (5) the claimant is unable to perform any other work existing in significant numbers in the national economy.

*Pufahl v. Bisignano*, 142 F.4th 446, 452-53 (7th Cir. 2025) (citation omitted); *see also Sevec v. Kijakazi*, 59 F.4th 293, 298 (7th Cir. 2023); 20 C.F.R. §§ 404.1520, 416.920. "Between the third and fourth steps, the ALJ determines the claimant's [RFC], which is the claimant' maximum work capability." *Pufahl*, 142 F.4th at 453 (citations omitted); *see also* 20 C.F.R. §§ 404.1520(e), 404.1545(a), 416.920(e), 416.945(a). "The burden of proof is on the claimant for the first four steps." *Fetting v. Kijakazi*, 62 F.4th 332, 336 (7th Cir. 2023) (citation omitted). "At step five, the burden shifts to the [Commissioner] to show that there are significant numbers of jobs in the national economy for someone with the claimant's abilities and limitations." *Id.* (citation and internal quotation marks omitted). "If at any step a finding of disability or nondisability can be made, the Social Security Administration will not review the claim further." *Sevec*, 59 F.4th at 298 (citation and brackets omitted).

### B. The Commissioner's Final Decision

In the Commissioner's final decision, the ALJ found as a threshold matter that Ballard was insured for DIB through December 31, 2025. (AR 28). At step one of the five-step sequential analysis, the ALJ determined that Ballard had not engaged in substantial gainful activity after his alleged onset date of September 2, 2022. (*Id.*). At step two, the ALJ found that Ballard had the following severe impairments: epilepsy, vertigo, cubital tunnel and carpal tunnel syndrome on the right, and depressive disorder. (AR 28). At step three, the ALJ concluded that Ballard did not have an impairment or combination of impairments severe enough to meet or equal a listing in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR 29).

The ALJ assigned Ballard the following RFC:

> [T]he claimant has the [RFC] to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can never climb ladders, ropes, or scaffolds. He can occasionally climb ramps and stairs. He can occasionally balance as defined in the Selected Characteristics of Occupations (SCO) of the Dictionary of Occupational Titles (DOT). He can occasionally stoop, kneel, crouch, and crawl. He can frequently reach in all directions with the right upper extremity. He can frequently handle, finger, and feel with the right upper extremity. He should avoid all exposure to hazards such as unprotected heights and unguarded moving mechanical parts. The claimant is limited to working in an environment with no more than a moderate noise level as defined in the SCO. The claimant can understand, remember, and carry out simple instructions and tasks. He can tolerate frequent interactions with coworkers, supervisors, and the public.

(AR 31).

The ALJ determined at step four that given the foregoing RFC, Ballard could not perform his past relevant work. (AR 36). However, at step five the ALJ found that a hypothetical individual of Ballard's age, education, experience, and RFC could perform a significant number of unskilled, light-exertional jobs in the national economy, including collator operator, routing clerk, and price marker. (AR 37). Accordingly, Ballard's applications for DIB and SSI were denied. (AR 37).

### C. Concentration, Persistence, or Pace

In his sole argument on appeal, Ballard argues that that the ALJ failed to adequately account for his moderate limitations in concentration, persistence, or pace when assigning the mental RFC. (ECF 13 at 10-15). As stated above, the ALJ limited Ballard in the mental RFC as follows: "The claimant can understand, remember, and carry out simple instructions and tasks. He can tolerate frequent interactions with coworkers, supervisors, and the public." (AR 31).

The RFC is "the individual's *maximum* remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis," meaning eight hours a day, for five days a week. SSR 96-8p, 1996 WL 374184, at *2 (July 2, 1996) (bold emphasis omitted).

That is, the "RFC is not the *least* an individual can do despite his or her limitations or restrictions, but the *most*." *Id.* at *1; *see also Young v. Barnhart*, 362 F.3d 995, 1000-01 (7th Cir. 2004); 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). "The ALJ need not use any 'magic words' in formulating a person's . . . RFC. But an 'RFC assessment must incorporate all of the claimant's limitations supported by the medical record, including even moderate limitations in concentration, persistence, or pace.'" *Lothridge v. Saul*, 984 F.3d 1227, 1233 (citation omitted).

More particular to the issue presented here, "[a]gain and again, [the Seventh Circuit Court of Appeals has] said that that when an ALJ finds there are documented limitations of concentration, persistence, and pace, the [RFC and corresponding] hypothetical question presented to the VE must account for these limitations." *Winsted v. Berryhill*, 923 F.3d 472, 476-77 (7th Cir. 2019) (collecting cases); *see also Martin v. Saul*, 950 F.3d 369, 373 (7th Cir. 2020) ("[T]he relative difficulty of a specific job assignment does not necessarily correlate with a claimant's ability to stay on task or perform at the speed required by a particular workplace." (citation omitted)). The Seventh Circuit has "made clear that in most cases employing terms like 'simple, repetitive tasks' on their own will not necessarily exclude from the VE's consideration those positions that present significant problems of concentration, persistence and pace, and thus, alone, are insufficient to present the claimant's limitations in this area." *Winsted*, 923 F.3d at 477 (citations and internal quotation marks omitted); *see Crump v. Saul*, 932 F.3d 567, 570 (7th Cir. 2019) ("[W]e have . . . underscored that the ALJ generally may not rely merely on catch-all terms like 'simple, repetitive tasks' because there is no basis to conclude that they account for problems of concentration, persistence or pace. More to it, observing that a person can perform simple and repetitive tasks says nothing about whether the individual can do so on a sustained

6

basis, including, for example, over the course of a standard eight-hour work shift." (citation and internal quotation marks omitted)).

The Seventh Circuit, however, has clarified that there is no "categorical rule to the effect that an ALJ may never accommodate 'moderate' limitations in concentration, persistence, and pace with only a restriction to simple instructions and tasks." *Lothridge*, 984 F.3d at 1234. For example, in *Pavlicek v. Saul*, which the Commissioner cites here, the Seventh Circuit noted that "[a] 'moderate limitation' is defined by regulation to mean that functioning in that area is 'fair.'" 994 F.3d 777, 783 (7th Cir. 2021) (citing 20 C.F.R. Pt. 404, Subpt. P, App. 1); (*see* ECF 21 at 6-7). From there, the Court reasoned: "'[F]air' in ordinary usage does not mean 'bad' or 'inadequate.' So a 'moderate' limitation in performing at a consistent pace seems consistent with the ability to perform simple, repetitive tasks at a consistent pace." *Pavlicek*, 994 F.3d at 783. But the Court's reasoning in *Pavlicek* was articulated when assessing whether the ALJ reasonably relied on a narrative RFC penned by the state agency doctors that the claimant could perform at a consistent pace if engaged in simple, repetitive tasks, in contrast to their "moderate" checklist ratings. *Id.*

In contrast to *Pavlicek*, this is not a case where the ALJ relied on a medical source opinion that "translated" Ballard's moderate limitations in concentration, persistence, or pace to an RFC for simple work. *Cf. id.* (finding that the ALJ reasonably relied on the doctor's narrative opinion that "adequately encapsulated and translated" the doctor's 'moderate' checklist ratings in an RFC for simple tasks (citation and brackets omitted)). While the mental status examination conducted by Paula Neuman, EdD., PSYD, MSCP, in April 2023—opining that Ballard's "ability to sustain his concentration and persistence appears to be intact" and "providing he is able to remain sober, he may be able to regain employment at some point" (AR 581-82)—might support

7

the limited restrictions assigned in the RFC, the ALJ chose to discount Dr. Neuman's opinion, finding it "not persuasive" in that it was "neither supported by exam findings" nor "consistent with the longitudinal record." (AR 35). Likewise, the ALJ found "not persuasive" the opinions of Amy S. Johnson, Ph.D., and Donna Unversaw, Ph.D., two state agency psychologists who reviewed Ballard's record in April and October 2023, respectively, and concluded that Ballard's mental impairments were not severe. (AR 33). In discounting these opinions, the ALJ explained that "more recent evidence as a whole supports that the claimant does have severe mental impairments." (*Id.*). In fact, the ALJ discounted *all* of the mental health opinions of record and did not rely on any particular medical source opinion when purportedly accounting for Ballard's moderate limitations in concentration, persistence, or pace and crafting an RFC for "simple instructions and tasks." (AR 31; *see* AR 33, 35 (discounting the opinions of Mark B. Langgut, Ph.D., Dr. Neuman, and the reviewing state agency psychologists)).

Ultimately, whether an ALJ has adequately accounted for moderate limitations in concentration, persistence, or pace must be assessed on a case-by-case basis. *See Johnson v. O'Malley*, No. 4:23-CV-39-GSL, 2024 WL 1327338, at *6 (N.D. Ind. Mar. 27, 2024) ("[C]learly, where the ALJ connects the assessed limitations to evidence supporting those limitations, even vague or generic restrictions to simple work is sufficient."). Here, the "[RFC] formulation [assigned by the ALJ] . . . says nothing about whether [Ballard] is capable of performing work at a sustained pace over an entire workday." *Lothridge*, 984 F.3d at 1233. Nor did the ALJ rely on a doctor's opinion when concluding in the RFC that Ballard could carry out "simple instructions and tasks." (AR 31). Further, it is it not reasonable to infer that the social limitations included in the mental RFC were intended to account for Ballard's moderate problems with concentration, persistence, or pace, as "that restriction could just have likely been meant to account for

8

[Ballard's] moderate difficulty with social functioning . . . ." *Winsted*, 923 F.3d at 477; (*see* AR 30); *see also Stewart v. Astrue*, 561 F.3d 679, 685 (7th Cir. 2009) (noting that a limitation to "simple, routine tasks that do not require constant interactions with coworkers or the general public" did not account for the claimant's limitations in concentration, persistence, or pace).

This matters because the VE testified at the hearing that an employer's "tolerance for on-task" for employees performing unskilled work was that employees "should remain on task around 90% of the workday, at a minimum, and that is exclusive of the three standard breaks." (AR 78). The ALJ's decision did not address one way or another whether Ballard could sustain unskilled tasks for ninety percent of an eight-hour workday. *See Lothridge*, 984 F.3d at 1233; *see also Mischler v. Berryhill*, 766 F. App'x 369, 376 (7th Cir. 2019) ("A task can be simple, but a person with a poor attention span may still become distracted and stop working.").

In sum, the RFC assigned by the ALJ, and the corresponding hypothetical questions posed by the ALJ to the VE, were "incomplete because [they] did not include any restrictions in concentration, persistence, or pace—restrictions that the ALJ acknowledged [Ballard] to have suffered moderately." *Radosevich v. Berryhill*, 759 F. App'x 492, 494 (7th Cir. 2019). "[A]though [Ballard] may have the mental capacity to complete a single, simple task, the [RFC and] hypothetical[s] did not capture the limitation in [his] ability to execute that simple task over an extended time." *Id.* Because of this "disconnect[,]" *id.*, between Ballard's moderate limitations in concentration, persistence, or pace found by the ALJ and the assigned RFC for "simple instructions and tasks" (AR 31), the ALJ's decision will be reversed and the case remanded to reassess the mental RFC and the hypotheticals posed to the VE at step five.

### IV. CONCLUSION

For the foregoing reasons, the Commissioner's decision is REVERSED, and the case is

REMANDED to the Commissioner for further proceedings in accordance with this Opinion and Order. The Clerk is DIRECTED to enter a judgment in favor of Ballard and against the Commissioner.

    SO ORDERED.

    Entered this 22nd day of October 2025.

                                                      /s/ Andrew L. Teel  
                                                      Andrew L. Teel  
                                                      United States Magistrate Judge